UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK W. DEARSTYNE,

                        Petitioner,

            v.                                       9:04-CV-741
                                                              (FJS/VEB)
WILLIAM MAZZUCA, Superintendent,
Fishkill Correctional Facility,

                        Respondent.
_____

APPEARANCES                                     OF COUNSEL

**KELLEY, DRYE & WARREN LLP**        **JAMES V. O'GARA, ESQ.**
101 Park Avenue
New York, New York 10178
Attorneys for Petitioner

**OFFICE OF THE FEDERAL**            **LISA A. PEEBLES, FPD**
**PUBLIC DEFENDER**
The Clinton Exchange, 3rd Floor
4 Clinton Street
Syracuse, New York 13202
Attorneys for Petitioner

**OFFICE OF THE NEW YORK**          **PAUL B. LYONS, AAG**
**STATE ATTORNEY GENERAL**        **ALYSON J. GILL, AAG**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## ORDER

    Petitioner was convicted in a New York State court of attempted rape in the first degree,

aggravated sexual abuse in the first degree, and two counts of endangering the welfare of a child.

Petitioner contended that his conviction was imposed in violation of his constitutional rights and,

therefore, should be vacated. Petitioner filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, in which he argued that there were multiple errors that warranted habeas relief. In an extensive, and very thorough, Report and Recommendation, Magistrate Judge Bianchini recommended, among other things, that this Court

> (1) direct the State of New York to vacate immediately Petitioner's convictions of Attempted Rape in the First Degree, in violation of New York Penal Law §§ 110 and 130.35 and of Endangering the Welfare of a Child, in violation of New York Penal Law § 260.20, with respect to the alleged victim identified as "T.O."
>
> (2) direct the State of New York to vacate immediately Petitioner's convictions of Aggravated Sexual Abuse in the First Degree, in violation of New York Penal Law § 130.70, and of Endangering the Welfare of a Child, in violation of New York Penal Law § 260.20, with respect to "C.C."
>
> (3) direct the State of New York to release Petitioner within thirty days from the entry of an Order adopting or approving this Report and Recommendation "unless New York State had, by that point, taken concrete and substantial steps expeditiously to retry" Petitioner with respect to the charges in question
>
> (4) deny the balance of the claims that Petitioner raised in his Amended Petition
>
> (5) issue a Certificate of Appealability regarding the issue of the Petitioner's prosecutorial misconduct claim and not issue a Certificate of Appealability regarding his other claims

Both Petitioner and Respondent filed objections to Magistrate Judge Bianchini's recommendations.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v.*

*Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

Section 2254 of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs federal *habeas corpus* review of a state-court conviction. Under the AEDPA, federal courts must give substantial deference to a state-court determination that has adjudicated a federal constitutional claim on the merits. *See* 28 U.S.C. § 2254(d); *Sellan v. Kuhlman*, 261 F.3d 303, 309-10 (2d Cir. 2001).

Furthermore, the AEDPA requires that, where a state court has adjudicated the merits of a Petitioner's federal claim, a court may not grant *habeas corpus* relief unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

A state-court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state-court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

Under these standards, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "Objectively unreasonable," however, is different from "clear error." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness" (citations omitted)). Thus, federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011) (quotation omitted); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (stating that a "'state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'" (quotation omitted)). "This is a 'difficult to meet,' . . ., and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' . . . ." *Cullen v. Pinholster*, 563 U.S. 170, ___, 131 S. Ct. at 1398 (2011) (internal citations omitted).

In this case, Petitioner asserted sixteen grounds in support of his request for *habeas* relief, each of which Magistrate Judge Bianchini discussed in great detail. The Court has conducted a *de*

-4-

*novo* review of each of Magistrate Judge Bianchini's recommendations in light of the parties' objections and the applicable law and concludes that, although the Court may disagree with some of the state-court decisions, Petitioner has not demonstrated that any of those decisions were contrary to clearly established Federal law or objectively unreasonable. Accordingly, having completed its review of the entire record in this matter, as well as the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's Report and Recommendation, *see* Dkt. No. 90, is **ACCEPTED in part and REJECTED in part**; and the Court further

**ORDERS** that Petitioner's amended petition is **DENIED and DISMISSED in its entirety**; and the Court further

**ORDERS** that a Certificate of Appealability will **not** issue with regard to any of the grounds that Petitioner raised in his amended petition because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: August 20, 2015
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge